**Darlene CHERRY, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 07–35982.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2009.

Filed Feb. 12, 2009.

Robert A. Clough, Esquire, Thomas M. Geisness, Esquire, Geisness Law Firm, Seattle, WA, for Plaintiff–Appellant.

Helen J. Brunner, Esquire, Assistant U.S. Attorney, Office of the U.S. Attorney, Seattle, WA, Eric Kaufman–Cohen, Robert Michael Underhill, Esquire, DOJ–U.S. De-

partment of Justice, San Francisco, CA, for Defendant–Appellee.

Before: B. FLETCHER, RYMER and FISHER, Circuit Judges.

## MEMORANDUM *

Plaintiff Darlene Cherry appeals the district court's judgment in favor of defendant United States after a bench trial on her Jones Act negligence and common law unseaworthiness claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ The district court's "[f]indings of lack of negligence and of seaworthiness [are] not clearly erroneous ... because affirmative evidence supports the findings [and] because sufficient evidence to the contrary has not been presented by the one upon whom rests the burden of proof." *Walston v. Lambertsen,* 349 F.2d 660, 663 (9th Cir.1965). The district court rejected the "featherweight" causation standard applicable to Jones Act negligence suits that requires only slight evidence that defendant's negligence caused plaintiff's injuries, *see Ribitzki v. Canmar Reading & Bates, Ltd.,* 111 F.3d 658, 664 (9th Cir. 1997), *as amended on denial of reh'g and reh'g en banc; In re Hechinger,* 890 F.2d 202, 208 (9th Cir.1989), but it did not clearly err because it pointed to affirmative evidence in Dr. Green's testimony of *no* objective connection between plaintiff's condition and her slip and fall in November 2004. *See Claar v. Burlington N. R.R. Co.,* 29 F.3d 499, 503 (9th Cir.1994) (holding that plaintiffs under a lower causation

standard "still must demonstrate some causal connection between a defendant's negligence and their injuries"). Plaintiff's appeal of the district court's unseaworthiness finding, which is subject to a "substantial factor" causation standard, fails for the same reason. *See Ribitzki,* 111 F.3d at 665.

■ The district court did not abuse its discretion by requiring expert testimony to prove causation. *See Claar,* 29 F.3d at 504. Because plaintiff's failure to disclose her expert under Fed.R.Civ.P. 26(a)(2)(A) was neither substantially justified nor harmless, the district court did not abuse its discretion by excluding plaintiff's expert's testimony regarding causation. *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106–07 (9th Cir. 2001).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.